IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALID JIBRIB MOORE,

    Petitioner,               No. CIV S-09-2836 FCD DAD P

    vs.

MICHAEL MARTEL, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 18, 2009, the undersigned ordered respondent to file and serve a response to the petition. On February 11, 2010, respondent filed the pending motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

        On November 17, 1999, petitioner entered a negotiated plea of no contest to one count of robbery. Thereafter, a Sacramento County Superior Court jury found a number of sentencing enhancement allegations to be true. On August 14, 2000, the Superior Court sentenced petitioner to an indeterminate term of twenty-five years to life in state prison. On

August 13, 2001, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction. Petitioner did not seek review with the California Supreme Court. (Pet. at 2; Resp't's Lodged Docs. 1-2.)

Petitioner subsequently filed seven petitions seeking habeas corpus relief in state court. On October 31, 2004[1], he filed a petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on November 18, 2005. On November 15, 2006, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on November 30, 2006. On June 3, 2007, petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on June 21, 2007. On July 29, 2007, petitioner filed a third petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on September 13, 2007. On January 6, 2008, petitioner filed a second petition for writ of habeas corpus in the Sacramento County Superior Court which was denied on March 13, 2008. On June 26, 2008, petitioner filed a fourth petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on July 3, 2008. Finally, on December 28, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on July 29, 2009. (Resp't's Lodged Docs. 3-20.)

On October 5, 2009, petitioner commenced this action by filing his federal petition for writ of habeas corpus with this court. Therein, petitioner appears to assert the following eight claims for relief: (1) he was denied his right to state habeas corpus relief because of pervasive bias in the California judiciary; (2) the trial court exceeded its jurisdiction when it sentenced him to twenty-five years to life in state prison; (3) he was denied his right to appeal his conviction; (4) he was denied his right to due process when the prosecutor used peremptory challenges to exclude African American females from the jury; (5) the trial court exceeded its

---

[1] This was the date of filing pursuant to the mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

jurisdiction when it imposed fines other than the minimum fine allowed under state law; (6) the trial court lacked subject matter jurisdiction to accept petitioner's no contest plea; and (7) petitioner's no contest plea was invalid because it was coerced. (Pet. at ii-iv & 3.)[2]

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Motion

Respondent has filed a motion to dismiss arguing that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that on August 13, 2001, the California Court of Appeal affirmed petitioner's conviction, causing his judgment of conviction to become "final" forty days thereafter, on September 22, 2001, after the time for seeking review in the California Supreme Court expired. Respondent argues that the one-year statute of limitations for the filing of a federal habeas petition began to run the following day, on September 23, 2001, and expired one year later on September 22, 2002. (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period. Respondent argues, however, that petitioner did not file his first state habeas petition until after the statute of limitations for the filing of a federal petition had expired. Respondent argues that petitioner's filings in state court after the AEDPA statute of limitations expired cannot serve to extend that limitations period. In addition, respondent argues that the California Supreme Court denied petitioner's seventh habeas petition with a citation to In re Robbins, 18 Cal.4th 770 (1998), meaning that petitioner's seventh habeas petition was not properly filed and therefore cannot serve to toll the limitations period. (Resp't's Mot. to Dismiss at 4-5.)

/////

---

[2] As noted above, petitioner has listed eight claims for relief in his federal petition. However, the only claim he elaborates on in the memorandum of points and authorities attached to his petition is his first claim, namely, that he was denied his right to state habeas corpus relief because of pervasive bias in the California judiciary. Nevertheless, the court has liberally construed petitioner's federal petition as asserting all eight claims for relief. For the reasons discussed below, the court finds that all of petitioner's claims are barred by the AEDPA statute of limitations.

II. <u>Petitioner's Opposition</u>

In opposition to respondent's motion to dismiss, petitioner argues that 28 U.S.C. § 2244(d)(1)(D) and not 28 U.S.C. § 2244(d)(1)(A) applies to his pending petition. Petitioner argues that under § 2244(d)(1)(D), the statute of limitations for the filing of his federal petition did not begin to run until he learned of the factual predicate of his claims. Here, petitioner argues with respect to his first claim for relief that although he suspected that there may be pervasive bias in the California judiciary, but he had no firm belief or evidence to support his suspicion. Petitioner asserts that his mother, however, gathered such evidence over a three-month period, and that after she provided him the evidence he exhausted his claims in state court. Petitioner appears to argue that because § 2244(d)(1)(D) applies to his first claim for relief, it also applies to his other claims for relief. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 1-3.)

Petitioner also briefly argues that § 2244(d)(1)(B) may apply to his petition. Specifically, petitioner in this regard appears to argue that he is entitled to a delayed commencement of the statute of limitations because the pervasive bias in the California judiciary constitutes a government-imposed impediment for purposes of § 2244(d)(1)(B). (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3.)

III. <u>Respondent's Reply</u>

In reply, respondent argues that petitioner's claim regarding bias in the California judiciary is not cognizable in these federal habeas corpus proceedings because it is an attack on his state post-conviction proceedings and not an attack the proceedings that resulted in his confinement. Moreover, respondent argues that insofar as petitioner is attempting to secure a later commencement date of the statute of limitations to challenge the proceedings that resulted in his confinement, he is not entitled to a delayed commencement of the statute of limitations because he was not diligent in discovering the factual predicate for his claims. Specifically, respondent notes that while petitioner claims that judicial bias took place at his November 18,

/////

2005 evidentiary hearing, he nevertheless waited more than two years after becoming aware of the alleged judicial bias before asserting any such claim.  (Resp't's Reply at 2-5.)

**ANALYSIS**

I.  The AEDPA Statute of Limitations

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(A)

As noted above, on November 17, 1999, petitioner entered a negotiated plea of no contest to one count of robbery.  Thereafter, a Sacramento County Superior Court jury found a

5

number of sentencing enhancements to be true.  On August 14, 2000, the Superior Court sentenced petitioner to an indeterminate term of twenty-five years to life in state prison.  On August 13, 2001, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction.  That decision became final thirty days after filing.  See Cal. Rules of Court 8.264 (formerly Rule 24).  Petitioner did not seek review with the California Supreme Court.  (Pet. at 2; Resp't's Lodged Docs. 1-2.)

For purposes of federal habeas review, petitioner's conviction became final on September 22, 2001, after the ten-day period for seeking direct review in the California Supreme Court expired.  See Cal. Rules of Court 8.500 (formerly Rule 28).  The AEDPA statute of limitations period began to run the following day, on September 23, 2001, and expired one year later on September 22, 2002.  Petitioner did not file his federal habeas petition until October 5, 2009.  Accordingly, the pending petition is untimely unless petitioner is entitled to the benefit of tolling.

III.  Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, petitioner filed seven petitions seeking habeas corpus relief in state court.  However, petitioner did not file his first habeas petition in the Sacramento County

1  Superior Court until October 31, 2004, long after the statute of limitations for the filing of a
2  federal habeas petition had expired. It is well established that "section 2244(d) does not permit
3  the reinitiation of the limitations period that has ended before the state petition was filed."
4  Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, by the time petitioner
5  filed his federal habeas petition on October 5, 2009, well more than one year had run on the
6  AEDPA statute of limitations, rendering any federal habeas challenge to his conviction
7  time-barred.
8  IV.   Application of § 2244(d)(1)(D)
9          As discussed above, petitioner argues that he is entitled to a delayed
10 commencement of the one-year statute of limitations period under § 2244(d)(1)(D) based on his
11 first claim for relief. In that claim, petitioner argues that he was denied his right to state habeas
12 corpus relief because of pervasive bias in the California judiciary. Specifically, petitioner
13 contends that, on November 18, 2005, Sacramento County Superior Court Judge Jack Sapunor
14 held an evidentiary hearing on petitioner's application for habeas relief and, after purportedly
15 finding that petitioner's sentence was unauthorized under state law, Judge Sapunor decided not to
16 disturb the sentence and plea bargain and denied relief . Petitioner contends that the judge's
17 decision was the result of pervasive bias and political pressure on judges in California to refuse
18 to follow the law when the law requires releasing a state prisoner or reducing his sentence. (Pet.
19 at 3-13 & Resp't's Lodged Doc. 5 (Evidentiary Hearing Transcript).)
20         As an initial matter, petitioner's claim fails to state a cognizable claim for federal
21 habeas corpus relief. See Hubbart v. Knapp, 379 F.3d 773, 779 (9th Cir. 2004); Franzen v.
22 Brinkman, 877 F.2d 26, 26 (9th Cir.1989) ("[A] petition alleging errors in the state post-
23 conviction review process is not addressable through habeas corpus proceedings."). Moreover,
24 even assuming for the sake of argument that petitioner's first claim could somehow be construed
25 as stating a cognizable claim for federal habeas corpus relief, it would be untimely under
26 /////

§ 2244(d)(1)(D).³

Specifically, this claim is based on the evidentiary hearing conducted in the Sacramento County Superior Court on November 18, 2005. Petitioner was present and represented by counsel at that hearing. (Resp't's Lodged Doc. 5.) November 18, 2005, is therefore the "date on which the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2244(d)(1)(D). See also Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001) (the relevant inquiry under § 2244(d)(1)(D) is when a petitioner knows of a factual basis of a claim or should become aware of the factual basis of a claim through the exercise of due diligence). Based on this chronology, the statute of limitations for the filing of a federal habeas petition with respect to petitioner's pervasive judicial bias claim began to run the following day, on November 19, 2005, and expired one year later on November 18, 2006. As noted above, however, petitioner did not file his federal habeas petition until several years later on October 5, 2009.

Petitioner argues that his mother was gathering evidence over some unspecified three-month period of time to support his claim for habeas relief and that after she provided him with that evidence, he pursued his claim in state court. However, petitioner knew or could have discovered the facts vital to his first claim for relief by November 18, 2005, even if he did not understand the legal significance of those facts or was awaiting the collection of evidence to support the claim. See Hasan, 254 F.3d at 1154 n.3 ("This is not to say that [petitioner] needed to understand the legal significance of those facts-rather than simply the facts themselves-before

---

³ Contrary to petitioner's argument, even if he were entitled to a delayed commencement of the statute of limitations with respect to his first claim for relief, he is not entitled to a delayed commencement of the statute of limitations with respect to his second through seventh claims. Specifically, petitioner's second through seventh claims for relief are based on events that took place at the time of his entry of plea and conviction. Petitioner was aware of the basis for his second through seventh habeas claims before his conviction became "final." In this regard, there are no grounds to extend the commencement date of the statute of limitations period with respect to these claims. Nor would application of § 2244(d)(1)(D) be beneficial to petitioner in any event because the statute of limitations under § 2244(d)(1)(D), as under § 2244(d)(1)(A), would have expired no later than one year after petitioner's conviction had became final.

8

the due diligence (and hence the limitations) clock started ticking."); Earls v. Hernandez, 403 F. Supp. 2d 985, 989 (C.D. Cal. 2005) (citing Brooks v. McKee, 307 F. Supp. 2d 902, 906 (E.D. Mich. 2003) ("It is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running; the accrual of the statute of limitations does not await the collection of evidence which supports the facts.") and Redmond v. Jackson, 295 F. Supp. 2d 767, 771 (E.D. Mich. 2003) ("[Section] 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim.")).

To be sure, the proper filing of a state post-conviction application with respect to a pertinent claim tolls the one-year statute of limitations period under § 2244(d)(1)(D). However, petitioner did not file any state habeas petitions asserting his claim of pervasive judicial bias until he filed his second petition for writ of habeas corpus in the Sacramento County Superior on January 6, 2008. That was well after the statute of limitations for the filing of a federal habeas petition had expired. (Resp't's Lodged Doc. 15.) Again, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen, 321 F.3d at 823. Accordingly, by the time petitioner filed his federal habeas petition on October 5, 2009, more than one year had run under § 2244(d)(1)(D), rendering that petition (and its pervasive judicial bias claim) time-barred.

V. Application of § 2244(d)(1)(B)

To the extent that petitioner argues that he is entitled to a delayed commencement of the one-year statute of limitations period under § 2244(d)(1)(B), the court also finds his argument unpersuasive. Under § 2244(d)(1)(B), a petitioner may be entitled to a later start date of the AEDPA statute of limitations if the state, in violation of the Constitution or laws of the United States, created an impediment to the petitioner's filing of a petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1)(B). Under this provision, a petitioner must "show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007).

Here, petitioner claims that pervasive bias in the California judiciary constitutes a state-created impediment for purposes of 2244(d)(1)(B). However, petitioner does not claim that the alleged pervasive judicial bias prevented him from filing a timely federal habeas petition. Rather, petitioner claims that the alleged pervasive bias prevented him from obtaining relief in state court with respect to his claims. In this regard, petitioner has not shown any causal connection between the alleged pervasive bias in the California judiciary and his failure to file a timely federal habeas petition. See, e.g., Randle v. Crawford, 578 F.3d 1177, 1184 (9th Cir. 2009) (rejecting petitioner's argument that he was entitled to relief under § 2244(d)(1)(B) because the petitioner failed to suggest any casual connection between his counsel's failure to perfect a direct appeal and his own failure to file a timely federal habeas petition). Accordingly, petitioner is not entitled to a later commencement date of the statute of limitations under § 2244(d)(1)(B).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 11, 2010 motion to dismiss (Doc. No. 12) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

/////

/////

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 8, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
moor2836.157